**Ronald S. DICK, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 00–3104.**

United States Court of Appeals, Federal Circuit.

June 14, 2000.

Ronald S. Dick, pro se, of Silver Spring, Maryland.

Kent G. Huntington, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General, and David M. Cohen, Director. Of counsel was Bryant G. Snee, Assistant Director.

Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

This appeal presents a question of first impression in this court involving the statutory provisions governing disability retirement for federal employees. A federal employee receiving disability retirement resumes federal employment after his disability has terminated. His employment ends, and thereafter his previous disability recurs. The question is whether he is entitled to reinstatement of his prior disability annuity. The Office of Personnel Management ("OPM") and the Merit Systems Protection Board ("Board") rejected his reinstatement claim. We affirm.

I

The basic facts relating to the only issue we decide are undisputed. The appellant Dick was employed by the Social Security Administration until September 1975, when he became disabled, and received a disability retirement annuity. In March 1982, OPM determined that Dick had recovered from his disability, and terminated his disability retirement annuity. That same month, the Department of the Army appointed Dick to a career position, but terminated him for inadequate job performance in August 1984. In 1985, he applied anew for disability retirement, which was denied because he did not meet the requirements. He also applied for but was denied non-disability retirement.

In 1991 Dick requested the OPM to "restart" his disability annuity under 5 U.S.C. § 8337(e) which, as discussed in Part II below, provides for reinstatement of a disability annuity that was terminated because the disability had ended, if the disability recurs. OPM refused to reinstate the disability annuity because it concluded that the applicable statute did not cover Dick's situation.

The Board affirmed OPM's ruling. In an initial decision, *Dick v. OPM,* No. DC–0831–98–0436–I–1 (M.S.P.B. June 24, 1998) (*"Initial Decision"*), the Board's administrative judge followed OPM's reasoning, which was set forth in letters to Dick. That decision became final when the Board, with one member dissenting, denied review. Vice–Chair Slavet "believe[ed] that OPM . . . misread the statute and its clear purpose as demonstrated by the legislative history." *Dick v. OPM,* 84 M.S.P.R. 437 (M.S.P.B. 1999). She would have remanded the case "for a hearing to give the appellant an opportunity to show a recurrence of his original disability." *See id.*

## II

The provisions and implementing OPM regulations governing disability retirement annuities for federal employees provide that an employee who has completed five years of service "and has become disabled shall be retired" and receive a disability annuity. 5 U.S.C. § 8337(a). A disability annuity terminates if before becoming 60 years old "an annuitant . . . recovers from his disability"; it terminates on reemployment by the government or one year after the date of the medical examination showing the recovery, whichever is earlier. 5 U.S.C. § 8337(d); *see also* 5 C.F.R. § 831.1208–09 (providing for termination based on "medical documentation" showing the "annuitant has medically recovered"). A disability annuity also terminates if the annuitant's non-government earnings

equal or exceed 80 percent of the pay of the position he occupied at retirement. *See id.* Since Dick's annuity was terminated because he had recovered from his disability, we do not discuss the 80 percent-of-earnings ground for termination.

Section 8337(e) deals with reinstatement of a disability annuity that was terminated because the annuitant had recovered from the disability. In so far as here pertinent, it states:

> If an annuitant whose annuity is heretofore or hereafter terminated because of a medical finding that he has recovered from disability is not reemployed in a position in which he is subject to this subchapter [governing civil service retirement] his annuity shall be restored at the same rate effective from the date of medical examination showing a recurrence of the disability.

*See also* 5 C.F.R. § 831.1211.

■ Under these provisions, if Dick's disability had recurred while he was still reemployed by the government, he would not have been entitled to restoration of his annuity because he was "reemployed in a position in which he [was] subject to this subchapter." The issue in this case is one the statute and regulations do not explicitly address: whether Dick, whose disability recurred after his government reemployment had ended, is entitled to restoration of his annuity.

The critical statutory language limiting restoration of a disability annuity to someone who "is not reemployed in a position in which he is subject to this chapter" is subject to two possible interpretations of the words "is not reemployed." (1) They refer to the employee's reemployment situation when the disability recurs, i.e., that the bar operates only if the disability recurs during the federal reemployment. (2) They refer to whether there has been reinstatement to covered federal employment,

i.e., they mean "is or was [so] reemployed," and if there has been such reemployment, restitution of the disability annuity is precluded even though the recurrence of the disability occurred after the federal reemployment ended.

In affirming OPM's refusal to restore Dick's disability retirement annuity, the Board stated that section 8337(e) provides for reinstatement of an annuity upon recurrence of the disability "so long as he was 'not reemployed in a position in which he is subject to this subchapter [providing for retirement coverage],'" and that "[h]ere there is no question that the appellant was reemployed by the VA from 1982 to 1984 in a position subject to retirement coverage. He is thus not eligible for reinstatement under the statute." The Board, like OPM, thus adopted the second interpretation of the words "is not reemployed" as meaning "is or was not reemployed." Dick and Vice–Chair Slavet apply the first (literal) interpretation.

The determination of the meaning of the statute requires consideration of the reason Congress prohibited restoration of a disability retirement annuity to an annuitant whose reemployment after termination of the disability was in a position covered by the civil service retirement system. The provisions for restoration of a disability annuity were added to the civil service retirement law by the 1961 amendments of that law.

Since the statute is ambiguous with respect to its application to this case, we have reviewed the legislative history of the amendment. We have found, however, that the history does not provide a clear answer to the question and portions of it may be cited to support either interpretation of the statute.

 Although the question is close, we conclude that Congress intended the bar on restitution of a disability annuity to apply if the recovered annuitant is reemployed in a position covered by the Civil Service Retirement System, even though the disability recurs only after that federal employment ends. Congress so provided because it believed that disability annuitants "who are reemployed in positions subject to the Civil Service Retirement Act" need not have their annuities restored if the disability recurs, "since in such cases new annuity rights will accrue on the basis of the reemployed Federal service." 107 Cong. Rec. 16606 (1961). Congress thus determined that the provisions of the established retirement system were the sole basis for obtaining a new annuity if the disability recurred. That is the view of OPM, whose position, as the agency charged with the enforcement of the statute, is entitled to "substantial deference." *Clark v. Office Of Personnel Mgmt.*, 95 F.3d 1139, 1145 (Fed.Cir.1996).

Dick's situation is precisely what the statute envisioned. When his federal reemployment was terminated, he became eligible for a deferred retirement annuity beginning at age 62, which presumably he now receives. It may be that the amount of that retirement annuity is less than a restored disability annuity would have been, but there is no indication that Congress intended to reinstate the disability annuity for that reason.

## CONCLUSION

The order of the Board affirming OPM's refusal to reinstate Dick's disability annuity is

*AFFIRMED.*